**No. 12-60052**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

OPULENT LIFE CHURCH; TELSA DEBERRY,

*Plaintiffs-Appellants*,

v.

CITY OF HOLLY SPRINGS, MISSISSIPPI; BOARD OF ALDERMEN
OF THE CITY OF HOLLY SPRINGS, MISSISSIPPI; CITY PLANNING
COMMISSION OF THE CITY OF HOLLY SPRINGS, MISSISSIPPI,

*Defendants-Appellees*.

On Appeal from the United States District Court for the
Northern District of Mississippi (Oxford Division)
No. 3:12-CV-4-MPM-SAA  (Hon. Michael P. Mills)

APPELLANTS' MOTION FOR EARLY
ARGUMENT AND EXPEDITED CONSIDERATION

Kelly J. Shackelford
Jeffrey C. Mateer
Hiram S. Sasser III
LIBERTY INSTITUTE
2001 West Plano Parkway, Suite 1600
Plano, Texas 75075
Telephone:  (972) 941-4444
Facsimile:  (927) 941-4457
kshackelford@libertyinstitute.com
jmateer@libertyinstitute.com
hsasser@libertyinstitute.com

M. Reed Martz
FREELAND SHULL, PLCC
405 Galleria Lane, Suite C
P.O. Box 2249
Oxford, Mississippi 38655-2249
Telephone:  (662) 234-1711
reed@freelandshull.com

Ashley E. Johnson
*Counsel of Record*
Lawrence VanDyke
Prerak Shah
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201-6912
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2900
ajohnson@gibsondunn.com
lvandyke@gibsondunn.com
pshah@gibsondunn.com

*Attorneys for Appellants Opulent Life Church and Telsa DeBerry*

No. 12-60052

# IN THE UNITED STATES

# COURT OF APPEALS FOR THE FIFTH CIRCUIT

OPULENT LIFE CHURCH; TELSA DEBERRY,

*Plaintiffs-Appellants*,

v.

CITY OF HOLLY SPRINGS, MISSISSIPPI; BOARD OF ALDERMEN
OF THE CITY OF HOLLY SPRINGS, MISSISSIPPI; CITY PLANNING
COMMISSION OF THE CITY OF HOLLY SPRINGS, MISSISSIPPI,

*Defendants-Appellees.*

On Appeal from the United States District Court for the
Northern District of Mississippi (Oxford Division)
No. 3:12-CV-4-MPM-SAA  (Hon. Michael P. Mills)

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons or entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case.  These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1.    Opulent Life Church, Plaintiff-Appellant.  Opulent Life Church is a Mississippi non-profit corporation with no parent corporation.  No publicly-held company owns ten percent or more of the Church's stock.

2.    Telsa DeBerry, Plaintiff-Appellant.

3.    Gibson, Dunn & Crutcher LLP, Counsel for all Plaintiffs-Appellants (Ashley E. Johnson, Lawrence VanDyke, and Prerak Shah representing).

4.    Liberty Institute, Counsel for all Plaintiffs-Appellants (Kelly J. Shackelford, Jeffrey C. Mateer, and Hiram S. Sasser III representing).

5.    Freeland Shull, PLLC, Counsel for all Plaintiffs-Appellants (M. Reed Martz representing).

6.    The City of Holly Springs, Mississippi, Defendant-Appellee.

7.    The Board of Aldermen of the City of Holly Springs, Mississippi, Defendant-Appellee.  The Board is composed of Andre DeBerry, Russell Johnson, Calvin James, Gary Colhoun, Harvey Payne, Sr., and Johnnie Bagley.

8.    The City Planning Commission of the City of Holly Springs, Mississippi, Defendant-Appellee.  The Commission is composed of Wonso Hayes, R.C. Anderson, Napoleon Smith, Edwin Calicutt, and Kelly Jordan.

9.    Law Office of J. Kizer Jones, Counsel for all Defendants-Appellees (J. Kizer Jones representing).

10.   Balch & Bingham LLP, Counsel for all Defendants-Appellees (R. Pepper Crutcher, Jr. and Anne Harlan Latino representing)


Respectfully submitted,

  _/s/_ Ashley E. Johnson
Ashley E. Johnson
*Counsel of Record for Appellants Opulent Life Church and Telsa DeBerry*

Pursuant to Federal Rule of Appellate Procedure 27 and 5th Circuit Rule 27.5, Appellants Opulent Life Church and Pastor Telsa DeBerry (collectively, "the Church") respectfully submit this Motion for Early Argument and Expedited Consideration.

Under this Court's rules, actions for temporary or preliminary injunctive relief are entitled to calendaring priority. 5th Cir. Rule 47.7. This rule reflects the reality that where, as here, the Appellant is suffering ongoing and irreparable harm while it awaits resolution of its appeal, prompt decision is critical. Recent developments concerning the real property at issue in this case heighten the Church's risk of irreparable harm, and accordingly strengthen the Church's claim for expedited proceedings. *See generally* Affidavit of Rowland B. Hoff ("Hoff Affidavit"). Moreover, the position of Appellees ("the City") in their recently-filed brief – that this Court should, at most, remand the case for further proceedings in the district court on the Church's request for a preliminary injunction rather than granting the injunction outright – further counsels in favor of deciding the case as quickly as reasonably possible. Appellees' Br. 17-26.[1] Accordingly, the Church respectfully requests that this Court expedite its consideration of this appeal.

---

[1] Appellees include the City of Holly Springs, the Board of Alderman of the City of Holly Springs, and the City Planning Commission of the City of Holly Springs.

1.      This case concerns a zoning ordinance enacted and enforced by the City that facially discriminates against churches and other religious institutions on the basis of their religious character.  The ordinance requires churches, and only churches, to meet several burdensome requirements before they are allowed to operate in the City.

2.      Because the continuation of the Church's religious mission and the exercise of its First Amendment rights require maintaining an appropriate place to worship, the Church sought, and located, such a place in 2011, on the City's main square (the "City Square Property").  In August 2011, the Church entered into a lease agreement with the owner of the City Square Property, Rowland B. Hoff. Under the terms of the agreement, the lease would not formally commence until the Church obtained all necessary permissions to operate on the premises and the Church would not pay any rent until that date.  Hoff Aff. ¶ 1; R. 27.

3.      In September 2011, the Church applied for a permit to renovate and operate a Church on the City Square Property.  The City, however, indefinitely tabled the Church's request for a permit to operate a church, on the grounds that the Church had failed to meet all the discriminatory requirements listed in the zoning ordinance.  Until the Church obtained the approval of other individuals, including 60% of nearby property owners and the political leaders of the City, it would not be allowed to operate on the City Square Property.

4.    This decision by the City, and the zoning ordinance on its face, violate the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), the U.S. Constitution, and the Mississippi Constitution.  Accordingly, the Church filed a complaint and a motion for a preliminary injunction in the Northern District of Mississippi on January 10, 2012.

5.    The district court promptly denied the Church's motion based on its view that the Church had no current need of a larger place of worship.  As a result of that decision, and of the City's constitutional and statutory violations, the Church is currently not operating in the City Square Property, and the lease by its terms has not yet commenced.  Instead, Mr. Hoff is bound by a lease agreement from which he is able to obtain no income.  Hoff Aff. ¶ 5.

6.    As fully explained in the Church's opening brief, the Church is entitled to the injunctive relief it sought.  The Church is overwhelmingly likely to succeed in invalidating the ordinance.  Appellants' Br. 26-34.  The City's ordinance *explicitly* treats churches on terms less than equal to those applicable to *all* other entities, and thus is a textbook violation of the Equal Terms Clause of RLUIPA, 42 U.S.C. § 2000cc(b)(1).  *See Elijah Group v. City of Leon Valley*, 643 F.3d 419, 424 (5th Cir. 2011).  Moreover, the Church is experiencing irreparable harm because of the City's interference with the exercise of its constitutional and statutory rights to practice its religion and because the City's conduct risks

depriving the Church of its interest in the City Square Property. *See* Appellants' Br. 20-26. Finally, the public interest favors protecting the Church's constitutional rights, and the City would not be harmed in any way by an injunction. *Id*. at 34-38.

7.     Indeed, the United States Department of Justice has taken the extraordinary step of filing an *amicus* brief in this Court in support of the Church, agreeing that the City's zoning ordinance violates RLUIPA and that the Church "faces a substantial threat of irreparable harm." Gov't Br. at 8.

8.     Following the filing of the Church's brief and the DOJ *amicus* brief, the City requested, and was granted, a thirty day extension to file its response brief. That brief was filed on May 7, 2012. The Church is filing its reply brief contemporaneous with this motion.

9.     Since the Church filed its brief, it has become aware that Mr. Hoff, the owner and landlord of the City Square Property, is in the midst of severe financial difficulties. He recently lost his job of ten years, which was his primary source of income. Hoff Aff. ¶ 6. Last year, his home was also heavily damaged in a fire. *Id*. ¶ 7. In addition, Mr. Hoff is currently caring for his ninety-three-year-old mother, who suffers from dementia and recently broke her hip. *Id*. ¶ 8. Her medical coverage allowing her to stay at a medical facility has expired, so Mr. Hoff is paying for her to live with him and for some of her medical expenses. *Id*. Not

surprisingly, Mr. Hoff desperately needs to generate income from the City Square Property. *See id.* ¶ 9.

10. Consequently, Mr. Hoff has informed the Church that he will terminate their agreement if the lease does not commence as soon as possible and instead lease the property to someone else. Hoff Aff. ¶ 10.

11. This Court has held that real property is "presume[d] . . . unique," and that "no adequate post-foreclosure remedy . . . could substitute for injunctive relief." *Bean v. Indep. American Sav. Ass'n.*, 838 F.2d 739, 743 (5th Cir. 1988); *see also Cottonwood Christian Ctr. v. Cypress Redevelopment Agency*, 218 F. Supp. 2d 1203, 1230 (C.D. Cal. 2002) (finding irreparable harm from RLUIPA violation because "[e]very piece of property is unique and thus damages are an insufficient remedy to the denial of property rights").

12. This uniqueness is particularly clear here. The City Square is the central and most desirable location to operate in the City. The significance of the City Square is confirmed by the City's preference for religious institutions to be located off the square, which it noted at the initial case conference in this case. *See also* Appellees' Br. at 21.

13. Accordingly, if the City's unconstitutional and illegal conduct causes the Church to lose its rights in the City Square Property, the Church will be

irreparably harmed.  Expedited consideration from this Court is necessary to avoid a substantial risk of that result.

14.    Expediting the appeal will not prejudice the City in any way.  The City has already filed its brief, and thus the Church is not seeking to accelerate any deadline applicable to the City.  To the contrary, the City would also benefit from prompt resolution of this case, which would significantly reduce the damages and attorneys' fees it will eventually have to provide to the Church, as well as the City's own litigation costs.

15.    The Church has consulted with the City, which opposes this motion.

### PRAYER FOR RELIEF

For good cause shown, the Church respectfully requests that this Court set an early argument date and otherwise expedite consideration of this appeal.

DATED:    May 21, 2012

Respectfully submitted,

 */s/* Ashley E. Johnson

Kelly J. Shackelford
Jeffrey C. Mateer
Hiram S. Sasser III
LIBERTY INSTITUTE
2001 West Plano Parkway, Suite 1600
Plano, Texas 75075
Telephone:  (972) 941-4444
Facsimile:  (927) 941-4457
kshackelford@libertyinstitute.com
jmateer@libertyinstitute.com
hsasser@libertyinstitute.com

M. Reed Martz
FREELAND SHULL, PLCC
405 Galleria Lane, Suite C
P.O. Box 2249
Oxford, Mississippi 38655-2249
Telephone:  (662) 234-1711
Facsimile:  (662) 234-1739
reed@freelandshull.com

Ashley E. Johnson
    *Counsel of Record*
Lawrence VanDyke
Prerak Shah
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201-6912
Telephone:  (214) 698-3100
Facsimile:  (214) 698-3400
ajohnson@gibsondunn.com
lvandyke@gibsondunn.com
pshah@gibsondunn.com

*Attorneys for Appellants Opulent Life Church and Telsa DeBerry*

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that, pursuant to Fifth Circuit Rule 27.4, counsel for Appellees has been contacted regarding this motion.  Appellees have indicated that they oppose this motion.

*/s/* Ashley E. Johnson

Ashley E. Johnson

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 21, 2012, an electronic copy of the foregoing was filed with the Clerk of Court for the U.S. Court of Appeals for the Fifth Circuit, using the appellate CM/ECF system. I further certify that all parties in the case are represented by counsel who are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/* Ashley E. Johnson
Ashley E. Johnson

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

OPULENT LIFE CHURCH, TELSA
DEBERRY,

        Plaintiffs,

    v.

CITY OF HOLLY SPRINGS, MISSISSIPPI;
BOARD OF ALDERMEN OF THE CITY
OF HOLLY SPRINGS, MISSISSIPPI; CITY
PLANNING COMMISSION OF THE CITY
OF HOLLY SPRINGS, MISSISSIPPI,

        Defendants.

Civil Action No. 3:12-CV-004-MPM-SAA

## AFFIDAVIT OF ROWLAND B. HOFF

Rowland B. Hoff, being duly sworn, deposes and states the follows:

1.     I am over eighteen years of age, am competent to testify, and have personal knowledge of the facts stated in this Affidavit, which are true and correct.

2.     I am a resident of Shelby County, Tennessee.

3.     I am the owner and landlord of the property located at 122 South Memphis Street, Holly Springs, Mississippi ("the Property").

4.     On August 17, 2011, I agreed to lease the Property to Opulent Life Church ("the Church"), led by Pastor Telsa DeBerry. Under the terms of our agreement, the lease would not commence until the Church was allowed to operate on the Property—which has not yet happened.

5.    As a result, I have been waiting for almost nine months for the lease to commence. I have collected no rental payments during that time.

6.    Recently, however, I was laid off my job of ten years, which was my primary source of income.

7.    To make matters even worse, on June 9, 2011, my house was heavily damaged by fire and I did not have any insurance at that time to cover the loss.

8.    I also must now take care of my ninety-three year old mother, who suffers from dementia and broke her hip two months ago. Her medical coverage that allowed her to stay at a facility expired, so I am personally paying some of her medical costs and for her to live with me.

9.    As a result of my dire situation, I urgently require income from the Property to meet my most basic financial obligations.

10.    For these reasons, if the Church cannot soon occupy the Property, I will have no choice but to terminate my agreement with the Church and lease the Property to someone else.


I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Dated: _Memphis_ , Tennessee
May _8th_, 2012

_Rowland B. Hoff_
Rowland B. Hoff

Subscribed and sworn to before me on this _8th_ day of May, 2012, by Rowland B. Hoff, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_Michael Kane_
Notary Public for State of Tennessee

My Commission Expires: _6/30/14_

- 2 -